UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALLAH F. JUSTICE,

                        Plaintiff,          <u>ORDER</u>
                                            12-CV-0473(JS)(WDW)
          -against-

MICHAEL J. SPOSATO, SHERIFF OF THE
NASSAU COUNTY JAIL,

                        Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:          Allah F. Justice, <u>Pro Se</u>
                        11007727
                        Nassau County Correctional Center
                        100 Carmen Avenue
                        East Meadow, New York 11554

For Defendants:         No Appearances

SEYBERT, District Judge:

        On January 30, 2012 incarcerated <u>pro se</u> plaintiff Allah

Justice ("Plaintiff") filed his sixth <u>in forma pauperis</u> Complaint

in this Court accompanied by an application to proceed <u>in forma

pauperis</u>.[1] The instant Complaint purports to allege the violation

of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 against

defendant Michael Sposato ("Sposato"), the Sheriff of the Nassau

County Jail.

_____

[1] Plaintiff's other actions are: <u>Justice v. Nassau County Jail,
et al.</u>, 07-CV-3800(JS)(WDW)(dismissed on December 1, 2009 for
failure to prosecute); <u>Justice v. Reilly</u>, 08-CV-3266(JS)(WDW)
(dismissed on September 10, 2009 for failure to prosecute);
<u>Justice v. Corporal McFadden</u>, 08-CV-3918 (JS)(WDW) (dismissed on
September 9, 2009 for failure to prosecute); <u>Justice v. Corporal
McGovern</u>, 11-CV-5076(JS)(WDW) (partial dismissal on December 6,
2011 for failure to state a claim) and <u>Justice v. Sposato, et
al.</u>, 11-CV-5946(JS)(WDW) (dismissed on March 7, 2012 for failure
to state a claim and with leave to amend).

Upon review of Plaintiff's declaration in support of the application, the Court finds that Plaintiff's financial status qualifies him to file this action without prepayment of the filing fee. Accordingly, the application to proceed in forma pauperis is granted. However, for the reasons that follow, the Complaint is sua sponte dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND

Plaintiff's brief handwritten Complaint submitted on the Court's civil rights complaint form alleges a single paragraph:

> On January 14th 2012 while walking with another inmate as I was near the dormitory sink I lost my footing due to water being on the floor from the sink having a leak. This problem with the sink has been going for almost a month. When I lost my footing I fell into the eating table where the water had traveled to across the floor about four feet from the sink. I am having pains in my upper back, neck, lower back and legs. Michael Sposato is responsible for this matter [because] he is in charge of the Nassau County jail. Complaints were written to him about it.

(Compl. at ¶ IV). Plaintiff alleges that he filed a grievance concerning the leaky sink and that, as a result, the sink was fixed on January 19, 2012. (Compl. at ¶ II). As a result of the fall, Plaintiff claims to have "problems walking, sleeping and resting comfortably" but acknowledges that he was seen by "medical" on January 24, 2102 and was prescribed pain medication. (Compl. at ¶ IV. A.). Plaintiff seeks to recover twenty ($20) million

dollars.  (Compl. at ¶ V).

DISCUSSION

I.   <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees.  <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is granted.

II.  <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in</u> <u>forma</u> <u>pauperis</u> complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i-iii); 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination.  <u>See</u> <u>Id.</u>

Courts are obliged to construe the pleadings of a <u>pro</u> <u>se</u> plaintiff liberally.  <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004).  Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  <u>Kiobel v. Royal Dutch Petroleum Co.</u>, 621 F.3d 111, 123 (2d Cir. 2010) (citing

3

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. at 1955).

III. <u>Section 1983</u>

Section 1983 provides that

> [e]very person who, under color of any
> statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or causes
> to be subjected, any citizen of the United
> States . . . to the deprivation of any rights,
> privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" <u>Rae v. Cnty. of Suffolk</u>, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting <u>Snider</u>

4

v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).  Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right.  See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation.  Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).  The Supreme Court held in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Id.  Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation.  Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009).  A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law.  See Johnson v. Barney, 360 F. App'x 199 (2d Cir. Jan. 12, 2010).  With these standards in mind, the Court considers the Plaintiff's claims.

A.   Claims Against Defendant Sposato

Although Plaintiff names Sheriff Sposato as a Defendant,

Plaintiff claims only that Sposato is "responsible" because "he is in charge of the Nassau County jail." (Compl. at ¶ IV). Thus, it appears Plaintiff seeks to hold the Defendant liable solely because of the supervisory position he holds. As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. <u>See</u> <u>supra</u> at 5. Similarly, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. <u>Rivera v. Fischer</u>, 655 F. Supp. 2d at 237; <u>see</u> <u>also</u> <u>Warren v. Goord</u>, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), <u>aff'd.</u>, 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no <u>respondeat</u> <u>superior</u> liability under Section 1983. <u>Richardson v. Goord</u>, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by Defendant Sposato. Accordingly, the Section 1983 claim asserted against him is not plausible and is dismissed.

B.   <u>Negligence</u>

Even if Plaintiff were to name a proper defendant, it is clear that his claim does not implicate a constitutional deprivation.  Plaintiff claims nothing more than that he slipped on water on the floor from a leaky sink and fell.  At best, Plaintiff has alleged a negligence claim.  <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (negligence claims do not rise to the level of a constitutional violation).  Accordingly, the Complaint is dismissed for failure state a federal claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and Federal Rule of Civil Procedure 12(h)(3).  <u>See</u>, <u>e.g.</u>, <u>Carr v. Canty</u>, No. 10-CV-3829 (BSJ)(KNF), 2011 WL 309667, *2 (S.D.N.Y. Jan. 19, 2011) ("'[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where . . . the plaintiff [] alleges that the individual defendants had notice of the wet condition but failed to address it.'"), quoting <u>Edwards v. City of New York</u>, No. 08-CV-5787, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009); <u>Jennings v. Horn</u>, No. 05-CV-9435, 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) ("[S]lippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution."); <u>see also</u> <u>Powers v. Gipson</u>, No. 04-CV-6883L(P), 2004 WL 2123490 (W.D.N.Y. 2004) (<u>sua</u> <u>sponte</u> dismissing <u>in</u> <u>forma</u> <u>pauperis</u> complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, explaining that "[t]he claim that

defendants were negligent in failing to clean up the water that caused plaintiff to slip, without more, fails to provide him with a basis for a federal claim, since mere negligence on the part of state officials is not actionable under § 1983); <u>Nauden v. Maha</u>, No. 04-CV-0171SC, 2004 WL 1145916, *1 (W.D.N.Y. Apr. 7, 2004) (<u>sua sponte</u> dismissing <u>in</u> <u>forma</u> <u>pauperis</u> complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because "[i]t is abundantly clear to the Court that plaintiff is alleging nothing more than a claim of negligence against the defendants for their alleged creation of a dangerous condition which caused him to slip and fall."). Having dismissed all of the Plaintiff's federal claims, Plaintiff's common law negligence claim is properly brought in the state court. <u>See</u> <u>Sylla v. City of New York</u>, No. 04-CV-5692 (ILG), 2005 WL 3336460, *8 (E.D.N.Y. Dec. 8, 2005) (citing <u>Castellano v. Bd. of Trustees</u>, 937 F.2d 752, 758 (2d Cir. 1991) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.")); <u>see</u> <u>also</u> <u>Nauden</u>, 2004 WL 1145916, at *1 ("Plaintiff's avenue for relief for his claims of negligence is state court, not a claim in federal court under 42 U.S.C. § 1983").

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is granted, but the Complaint is <u>sua</u> <u>sponte</u> dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b).

The Clerk of the Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                              SO ORDERED.


                              /s/ JOANNA SEYBERT
                              Joanna Seybert, U.S.D.J.
Dated:    April 9, 2012
          Central Islip, New York